489 So.2d 59 (1986)
CORPORATION OF the PRESIDENT OF the CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, Appellant,
v.
ST. JOHNS RIVER WATER MANAGEMENT DISTRICT, Appellee.
Nos. 84-976, 84-1733.
District Court of Appeal of Florida, Fifth District.
April 3, 1986.
Rehearing Denied June 5, 1986.
*60 Terry Cole, Kenneth G. Oertel and Segundo J. Fernandez of Oertel & Hoffman, P.A., Tallahassee, for appellant.
Christopher C. Skambis of Foley & Lardner, Van Den Berg, Gay, Burke, Wilson & Arkin, Orlando, and Vance W. Kidder, Director, Office of Legal Services, St. Johns River Water Management Dist., Palatka, for appellee.
UPCHURCH, Judge.
The prior opinion dated December 26, 1985, is withdrawn and we substitute therefor the following corrected opinion.
Appellant, The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, appeals from two final judgments in favor of appellee, St. Johns River Water Management District. The court below refused to grant the Church a permit exemption for its proposed work on Deseret Ranch because the ranch did not qualify as a closed agricultural system and the work could not be classified as routine maintenance. We agree on both points.
In the first judgment, the trial court determined that the drainage system which the Church sought to improve was not a "closed" agricultural system exempt under section 373.406(3), Florida Statutes (1983) from the surface water management permit requirements of Chapter 373. A "closed system" is defined as "[a]ny reservoir or works located entirely within agricultural lands owned or controlled by the user and which requires water only for the filling, replenishing, and maintaining the water level thereof." § 373.403(6), Fla. Stat. (1983). The trial court granted the water management district's motion for summary judgment because the evidence established that water from the Church's drainage system was discharged into the marshes of the St. Johns River. Since a closed system is required to be located entirely within the lands of the user, then by definition, a closed system cannot exist where there is a discharge into waters of the state. We agree that the Church is not entitled to an exemption as a closed agricultural system.
In the second judgment, the trial court held that the Church was not entitled to a maintenance exemption under section 403.813(2)(g), Florida Statutes (1983).[1] This judgment was based on the Church's failure to provide the court with the original design specifications for the system and was also due to the extensive nature of the work required to rebuild the dikes. Over the past thirty years, substantial portions of the Church's dike system have subsided and the Church now seeks to rebuild the dikes to their original condition with spoils dredged from its drainage canals. The Church's expert estimated that three miles of the seven and one-half mile perimeter dike were reduced to vestigal remnants and would require 95,000 cubic yards of fill for rebuilding. Other ranch employees testified that no maintenance had been performed on this system for over twenty-five years and the dike had failed to keep water off the ranch during that period.
We agree with the trial court's conclusion that the legislature intended to exclude only routine custodial maintenance having a minimal adverse environmental *61 impact from permit requirements. We also agree that the Church was not entitled to a maintenance exemption because it failed to meet its burden of proving the original design specifications for the dike system. Due to the extensive nature of the rebuilding necessary to restore the dike to a functioning condition, the Church clearly does not qualify for the routine maintenance exemption under chapter 403. The other points raised on appeal are without merit. We agree with the trial court's conclusions and, accordingly, both judgments are
AFFIRMED.
DAUKSCH, J., and VANN, H.R., Associate Judge, concur.
NOTES
[1] The relevant provisions of the maintenance exemption provide:

(2) No permit under this chapter, chapter 373, or chapter 253, chapter 61-691, Laws of Florida or chapter 25214 or chapter 25270, Laws of Florida, 1949, shall be required for activities associated with the following types of projects:
* * * * * *
(g) The maintenance of existing insect control structures, dikes, and irrigation and drainage ditches, provided that spoil material is deposited on a self-contained, upland spoil site which will prevent the escape of the spoil material into waters of the state... . In all cases, no more dredging is to be performed than is necessary to restore the dike or irrigation or drainage ditch to its original design specifications.
§ 403.813(2)(g), Fla. Stat. (1983).